IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) ) ) | |
| DENA M. FREDRICKSON, | ) | CASE NO. 10-32455-H3-11 |
| Debtor | ) ) ) | |

MEMORANDUM OPINION

The court heard the Debtor's *Ex Parte* Application For Authority To Appoint And Retain Counsel (Docket No. 28) and after considering the pleadings, docket sheet and file in the above captioned bankruptcy case and the argument of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith granting the applications and allowing Dena M. Fredrickson, Debtor, to employ Eric L. Fredrickson to represent her as a debtor in possession in this chapter 11 case.  To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such.  To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Findings of Fact

Dena M. Fredrickson, hereinafter referred to as "Debtor," filed an individual chapter 11 bankruptcy proceeding on March 29, 2010.  Contemporaneous with the filing of the

application to employ, Eric L. Fredrickson filed an Affidavit in Support and Disclosure of Compensation. Docket Nos. 27 and 28.

In the Affidavit, Eric Fredrickson disclosed that he is the former spouse and former law partner of the Debtor. Eric Fredrickson and Debtor divorced January 22, 2010 and their law partnership was dissolved in July 1999. He stated that he is not a creditor of the Debtor or the estate, and is a co-debtor with the Debtor as to the debt owed to the Internal Revenue Service and Marcello Lozano, who holds a disputed, unliquidated claim.

Debtor's personal property schedule lists certain interests in oil and gas royalties as well as litigation pending in Harris County state court. The state court litigation involves a dispute between family members, including Debtor's father, Charles B. Marino, over the control, operation and ownership of Dinosaur Oil and Gas, Inc. and Italian-American Oil Co. as well as issues regarding the compliance with, and validity of, a Rule 11 Settlement Agreement entered into between the parties to the state court litigation. Eric Fredrickson is the former son-in-law of Charles B. Marino and has represented Mr. Marino, Dinosaur Oil and Gas, Inc., and Italian-American Oil Co. in various legal matters in the past.

Currently, Eric Fredrickson is a named defendant in the state court litigation brought by Marino but has no pending counterclaims against Marino, Dinosaur or Italian-American. Eric Fredrickson disclosed to the court that he is familiar with

and has extensive knowledge of the Harris County state court litigation and its possible impact on the instant bankruptcy proceeding.  He is also aware of estate assets that are held by third parties and has discussed the issue with some of them.  He believes he would be able to proceed to resolve these matters more quickly than any other counsel.  He stated that he is a disinterested person and holds no interest adverse to the Debtor which would prevent his employment on Debtor's behalf.

The Disclosure of Compensation reflects that Eric Fredrickson did not receive a retainer or other payment for his services and costs.  He has agreed to represent the Debtor without prior payment of a retainer and, according to him, Debtor does not have the financial resources, at the present time, to retain any other counsel.  He did receive $1,039 from Debtor, to use for payment of the chapter 11 filing fees.  Debtor has promised to pay Eric Fredrickson on an hourly fee basis of $300 per hour for legal services rendered by him, $150 per hour for associates, and $50-75 per hour for law clerks and legal assistants, in connection with this chapter 11 bankruptcy case.

### Conclusions of Law

A Chapter 11 debtor in possession, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the debtor in

possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §§ 327(a), 1107.

Section 101(14) contains the Bankruptcy Code definition of "disinterested person" and provides that:

> The term "disinterested person" means a person that-
> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

If the debtor is an individual, an "insider" includes a "relative" of the debtor. The term "relative" is defined as an individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree. 11 U.S.C. §§ 101(31)(A) and 101(45).

An insider is an entity or person, with a sufficiently close relationship with the debtor, whose conduct is made subject to closer scrutiny than those dealing at arms length with the debtor. Whether a person or entity qualifies as an "insider" is generally a question of fact. The definition of an insider must be flexibly applied on a case-by-case basis. *See In re Missionary Baptist Foundation of America, Inc.*, 712 F.2d 206 (5th Cir. 1983); *In re Holloway,* 955 F.2d 1008 (5th Cir. 1992); *In re*

*Premiere Network Services, Inc.*, 333 B.R. 126 (Bankr. N.D. Tex. 2005); *In re Controlled Power Corp. of Ohio*, 351 B.R. 470 (Bankr. N.D. Ohio 2006).

Rule 2014 of the Federal Rules of Bankruptcy Procedure requires that a professional seeking employment to represent the estate or a committee in a bankruptcy case submit a "verified statement...setting forth the person's connections" to the debtor, creditors, and any other party in interest.  The purpose of such disclosure is to provide the court with information necessary to determine whether the professional's employment is in the best interest of the estate.  *In re The Leslie Fay Companies, Inc.,* 175 B.R. 525 (Bankr. S.D.N.Y. 1994).

All facts that may have a bearing on a professional's disinterestedness must be disclosed.  It is the responsibility of the professional to make sure that all relevant connections have been brought to light.  *See In re BH & P, Inc.*, 949 F.2d 1300 (3rd Cir. 1991); *Rome v. Braunstein*, 19 F. 3d 54 (1st Cir. 1994); *In re Huddleston*, 120 B.R. 399, 400-401 (Bankr. E.D. Tex. 1990).

The representation of entities with potentially conflicting interests does not violate section 327.  Whether an actual disqualifying conflict exists must be considered in light of the particular facts of each case.  *See In re Consolidated BancShares, Inc.*, 785 F.2d 1249 (5th Cir. 1986); *In re Global Marine, Inc.*, 108 B.R. 998 (Bankr. S.D. Tex. 1987).

Courts have disqualified counsel and disallowed compensation where there was an actual conflict of interest. *See In re Humble Place Joint Venture,* 936 F.2d 814 (5th Cir. 1991). Failure to disclose all connections has been held to be sufficient cause, standing alone, for the disgorgement of all fees due a professional. *Matter of Prudhomme*, 43 F. 3d 1000 (5th Cir. 1995); *In re Futuronics Corp.*, 655 F. 2d 463 (2d Cir. 1981) *cert. denied* 455 U.S. 941, 102 S. Ct. 1435, 71 L.Ed.2d 653 (1982); *In re Arlan's Dep't. Stores*, 615 F. 2d 925 (2nd Cir. 1979); *In re Kendavis Indus. Intern., Inc.*, 91 B.R. 742 (Bankr. N.D. Tex. 1988); *In re Saturley*, 131 B.R. 509 (Bankr. D. Me. 1991).

In the instant case, Eric Fredrickson has made the appropriate disclosures. He and Debtor were previously married and were partners in a law firm, but they are now divorced and the partnership dissolved. There is no evidence that Fredrickson is not disinterested. The court recognizes that there may be a potential for conflicts to develop. There is no evidence that an actual disqualifying conflict of interest exists at the present time. The duty to make full and complete disclosure of facts which bear upon an applicant's qualifications for retention is an ongoing duty. An attorney has the obligation to be diligent in ascertaining, on a continuing basis, whether any conflict or other obligation affecting disinterestedness exists.

Should an adverse interest later become known or arise through other events, Eric Fredrickson is required to disclose this information to the court.  If the court determines the existence of an actual conflict, the court may disqualify the firm from representation of Debtor, and may require the disgorgement of  fees previously allowed.

Based on the foregoing, a separate Judgment will be entered granting the Debtor's *Ex Parte* Application For Authority To Appoint And Retain Counsel (Docket No. 28).

Signed at Houston, Texas on this 22nd day of July, 2010.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE